IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sonya L. Wilson, | : |
|     Plaintiff, | : |
| v. | :   Case No. 2:10-cv-463 |
| Michael J. Astrue, Commissioner of Social Security, | :   JUDGE ALGENON L. MARBLEY<br>  Magistrate Judge Kemp |
|     Defendant. | : |

OPINION AND ORDER

On February 9, 2011, the Court adopted an unopposed Report and Recommendation of the Magistrate Judge and remanded this Social Security case to the Commissioner of Social Security for further proceedings. On March 10, 2011, plaintiff moved for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. The Commissioner filed a memorandum opposing the motion, following which plaintiff filed an affidavit and assignment of EAJA fees. For the following reasons, the motion for fees will be granted.

I.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also

document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by

substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

II.

The key issue raised in plaintiff's statement of specific errors was that the ALJ failed to find that she suffered from a severe mental impairment. As the Report and Recommendation notes, "every single mental health care provider who either treated plaintiff, examined her, or reviewed her records concluded both that she had psychological impairments and that they limited her functioning in enough work-related areas to render those impairments 'severe' within the meaning of the applicable regulations and case law." Report and Recommendation, Doc. #15, at 10. Nevertheless, the ALJ concluded that plaintiff did not have any mental impairments severe enough to qualify under the Social Security Act. The Report and Recommendation determined that "no reasonable person could have concluded ... that she did not have a severe mental impairment" and that this was "a clear case for remand on the issue which plaintiff has presented." Id. at 11.

The Commissioner has not argued that his litigation position was substantially justified. He has, however, suggested that the fee requested is excessive. According to his calculation, if the proper cost of living index is used, the maximum hourly rate which can be awarded under the EAJA (which starts at a base rate of $125.00) is $171.43 and not the $175.00 which plaintiff has requested. He does not take issue with the reasonableness of the amount of time (10.75 hours) which counsel spent on the case, but does request the Court to award the fee directly to the plaintiff in accordance with Astrue v. Ratliff, 130 S.Ct. 2521

-3-

(2010), which holds that a fee award under the EAJA belongs to a plaintiff and not his or her attorney.

The only calculation of the hourly rate which is appropriate is the one contained in the Commissioner's memorandum. Plaintiff's counsel has not filed a reply brief disputing that calculation, nor does his application explain why he has requested an hourly rate of $175.00 beyond the fact that he usually charges clients at that rate. The EAJA does not permit an hourly rate to be used to calculate an award of benefits that is "in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A)(ii). No special factor exists in this case. Based on the record before it, the Court determines that the maximum allowable hourly rate is $171.43. Thus, the maximum fee award is 10.75 x $171.43, or $1,842.87. The Court will award fees in that amount.

### III.

For the foregoing reasons, the Court **GRANTS** plaintiff's application for an award of attorneys' fees under the Equal Access to Justice Act (#18). The award may be offset against any pre-existing debt plaintiff may owe to the United States. If counsel verify that no such debt exists and if counsel is satisfied that plaintiff has executed a valid assignment of EAJA fees, the fee may, at defendant's discretion, be paid directly to plaintiff's attorney.

**IT IS SO ORDERED.**

Algenon L. Marbley
United States District Judge